**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

CHRISTOPHER HAIDLE,

        Plaintiff,

vs.                                   Civ. No. 99-913 BB/WWD

TOSCO MARKETING COMPANY d/b/a
CIRCLE K and SOUTHWEST CONVENIENCE
STORES d/b/a 7-ELEVEN,

        Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court upon Defendant Southwest's ("Defendant's")

Motion to Compel Plaintiff's Discovery Responses, filed February 4, 2000 **[docket # 42]**.  In this

personal injury case, Plaintiff alleges that Defendants sold beer to him and other minors on or

about September 25, 1998.  Plaintiff drank the beer and became intoxicated.  While intoxicated,

Plaintiff climbed onto the roof of a moving car, then he fell to the ground and sustained personal

injuries.  The parties have resolved several of the discovery disputes since the memorandum brief

was served.  The remaining disputes center around Defendant's requests for information

regarding Plaintiff's criminal records and history, both prior to and subsequent to the underlying

incident.  Plaintiff objects to the production of this information on the grounds of relevancy and

admissibility.

The scope of discovery in federal courts is broad and is limited only by relevance and

burdensomeness.  <u>See</u> <u>In re Westinghouse Elec. Corp. v. Adams</u>, 570 F.2d 899, 902 (10th Cir.

1978).  Because the standards governing the admissibility of evidence during discovery and trial

are different, the question of admissibility of requested documents is not an issue in discovery. Further, discovery is limited to that which is reasonably calculated to lead to the discovery of admissible evidence.  See United States v. Security Bank & Trust Co., 661 F.2d 847, 851 n.6 (10th Cir. 1981); Centurion Indus. v. Warren Steurer & Assoc., 665 F.2d 323, 326 (10th Cir.1981) (relevancy is interpreted more broadly during discovery than at trial).

Defendants contend that the information is relevant to Plaintiff's knowledge or absence of mistake under Fed.R.Evid.404(b) regarding the purchase or obtaining of alcohol as a minor and as such goes to the issue of comparative fault which has been raised as an affirmative defense.[1]  They also contend that information regarding a November 25, 1998 accident (two months after the accident giving rising to this lawsuit) when Plaintiff was allegedly arrested for reckless driving and eluding an officer is relevant to his claim of incapacitating injury for months following the accident.  A request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of this action.  Kelling v. Bridgestone/Firestone, Inc., 157 F.R.D. 496, 497 (D.Kan.1994).  Defendants have made this showing.  The fact that Defendants may have this information available to them through other means does not excuse Plaintiff from complying with the requests.  See Wright v. Patrolmen's Benevolent Ass'n, 72 F.R.D. 161, 164 (S.D.N.Y. 1976).

Therefore, on or before February 29, 2000, Plaintiff shall fully respond to the following, to

---

[1]  While ruling on the admissibility of such evidence for trial would obviously be premature, those rulings could not be an issue if the information were not made available beforehand through discovery.  See e.g., Coursey v. Broadhurst, 888 F.2d 338; Winningham v. Sexton et al, 830 F.Supp. 338 (S.D.Ohio 1993) (cases where prior convictions properly admissible in personal injury actions).

wit: Requests for Admission Nos. 1 through 6; Interrogatory No. 1 from the First Set of Interrogatories; and Requests for Production Nos. 9 and 13, as well as No. 8 which asks for a transcription of the recording, if Plaintiff presently has one in his control or custody.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE